GUY LAMOREAUX AND GEO. W. CHAMPLIN, Etc. v. HUGH NORMAN.[1]

April 7, 1922.

No. 22,663.

**Broker—verdict for commission sustained by evidence.**

1. Plaintiffs were real estate brokers and had defendant's farm for sale. They introduced Benjamin F. Legg to defendant as a prospective purchaser. Negotiations between Legg and defendant resulted in a sale which at Legg's instance was made to his wife, Legg making nearly all of the cash payments and becoming responsible for the deferred payments. The facts fully warranted the jury in finding that plaintiffs produced the purchaser and were the procuring cause of the sale.

**Charge to jury—admission of evidence.**

2. There were no reversible errors in the charge or in the rulings admitting or excluding evidence.

[1]Reported in 187 N. W. 606.

Action in the district court for Blue Earth county to recover $1,000 as commission on the sale of certain land. The case was tried before Comstock, J., who when the parties rested denied motions for directed verdicts, and a jury which returned a verdict for $1,077. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Ivan Bowen, Leroy Bowen* and *F. E. Morse*, for appellant.

*C. J. Laurisch* and *George W. Champlin*, for respondents.

TAYLOR, C.

Plaintiffs recovered a verdict for the commission alleged to be due them for procuring a purchaser for defendant's farm, and defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiffs are real estate brokers at Lake Crystal in Blue Earth county. Defendant owned a farm of 200 acres near that place which he listed with them for sale early in 1919. The price was fixed at $165 per acre and their commission at $5 per acre. They were not given an exclusive agency, and defendant expressly reserved the right to make a sale himself.

On May 28, 1919, Benjamin F. Legg with his son and his son-in-law came to plaintiffs' office from Iowa for the purpose of buying farms. They were taken out in an automobile by plaintiffs and were shown a dozen or more farms which plaintiffs had for sale, and among others were shown the farm of defendant. They were introduced to defendant and examined the farm, and were informed of the price and terms at which defendant offered it for sale, but left without intimating whether they would or would not buy it. After returning to town they concluded to buy three of the other farms and closed contracts for them on that day and the next, May 28 and 29. On May 30 defendant met Legg in Lake Crystal and asked him whether he intended to buy his, defendant's farm. Legg replied to the effect that he had already bought three farms and had not made up his mind whether he would buy any more. Defendant stated that he would sell then for $165 per acre, but that the price of land was rising every day and that he should probably increase his price

if not sold then. Legg returned to Iowa and on Sunday, June 1, attempted to call plaintiffs by telephone, but failing to reach them called defendant and stated that he and his wife would be up to look at the farm the next day and asked defendant to meet them at the train. Defendant agreed to meet them, but stated that the price had been raised and would be $170 per acre.

Before leaving Iowa Legg and his wife had arranged between themselves that Mrs. Legg should have the farm in case they were satisfied with it and bought it. Mr. Legg was a witness at the trial and in answer to an inquiry concerning this arrangement stated that while they were discussing going up to look at the farm Mrs. Legg asked: "What's the matter of me having that farm?" and further stated that they had been married 36 years; that he had a large amount of property; that she had never before asked to have any of it as her individual property, and that he replied:

"That's something you never said before * * *; you can have that farm, and whether you sell it or not or keep it that will be yours in fee simple; if anything happens to me sudden you will have something."

The next day they went to Lake Crystal, were met at the train by defendant and taken to the farm. They looked it over and on the following day, June 3, closed the contract for its purchase at $170 per acre. The negotiations with defendant were conducted by Mr. Legg, but the written contract was made to and executed by his wife, Hattie Legg, and the evidence indicates that she signed the check for the initial payment of $1,000, but also indicates that the check was paid in part at least out of Mr. Legg's funds. The contract provided that possession should be given March 1, 1920, and that $7,000 should be paid in cash on that date, and mortgages be given for the deferred payments. On March 1, 1920, Mr. Legg made the cash payment of $7,000, and both he and his wife executed the notes and mortgages for the deferred payments, whereupon defendant and his wife conveyed the farm to Mrs. Legg by warranty deed.

From the foregoing facts, concerning which there is little, if any, dispute, the jury were fully warranted in finding that Mr. Legg in fact made the purchase and that plaintiffs were the procuring cause

of the sale. The facts do not require, and probably would not permit, a finding that defendant made the sale independent of plaintiffs and without taking the benefit of their efforts, or that plaintiffs were unable to make the sale or had abandoned their attempt to make it, and do not bring the case within the principle of the cases cited by defendant. While the owner, in the absence of a stipulation to the contrary, has the right to make a sale himself, yet, if he appropriates the fruits of the labors of the broker by making a sale to the purchaser produced by the broker, he is liable for the commission, unless it appears that the broker was unable to make the sale or was no longer trying to do so. I Dunnell, Minn. Dig. § 1152, and cases there cited.

Defendant challenges several rulings admitting or excluding evidence, but we find none involving reversible error or requiring special comment.

Defendant also takes exception to several paragraphs in the charge. We think the court submitted the case to the jury fairly and impartially, and in such a manner that the jury could not have been misled as to the questions for them to determine or the rules of law applicable thereto.

The statement to the effect that an owner who had placed his land in the hands of an agent for sale had the right to make a sale himself if he had reserved that right, while not quite accurate as he would have such right without expressly reserving it, could not have been prejudicial, for it appeared without dispute that defendant had expressly reserved the right to make a sale himself.

The court instructed the jury to the effect that if they found that the transaction resulting in the sale to Mrs. Legg "was a wholly independent transaction and did not result in any manner" from the efforts of plaintiffs, or, if they failed to find from the greater weight of evidence that the transaction in question "resulted from the service and efforts of the plaintiffs," they should return a verdict for defendant. Defendant criticises the first part of this statement as though it stood alone and defined the only condition on which defendant would be entitled to a verdict. Both parts of the statement were made in the same sentence, and, when taken as a whole in

connection with the remainder of the charge, the statement cannot be given the meaning which defendant would ascribe to it.

Defendant presented two requests to charge which were given by the court as modified. Defendant complains because they were not given in the form in which they were presented. The modifications were proper and served to make the requests apply more specifically to the facts disclosed by the evidence.

Defendant also complains of other portions of the charge, but we find no reversible error therein and nothing which would justify further comment.

Defendant also complains that counsel for plaintiffs, in his argument to the jury, made an improper remark concerning counsel for defendant. The remark was not taken down or incorporated in the record, and, so far as appears from the objection made by defendant at the time and from the observation made by the court to the jury, it was not of such consequence as to affect the result.

Order affirmed.